| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** <br> Caption in Compliance with D.N.J. LBR 9004-2(c) <br> **RAVIN GREENBERG LLC** <br> Proposed Attorneys for the Debtor/Debtor-in-Possession <br> 101 Eisenhower Parkway <br> Roseland, New Jersey 07068 <br> (973) 226-1500 | |
| In Re: <br><br> AquaTek Environmental Consulting, Inc. <br><br> Debtor. | Chapter 11 <br><br> Case No.: 10-22324 <br><br> Judge: Honorable |

**MOTION OF THE DEBTOR FOR THE ENTRY OF AN ORDER AUTHORIZING INTERIM AND FINAL USE OF CASH COLLATERAL**

TO:     THE HONORABLE

UNITED STATES BANKRUPTCY JUDGE

AquaTek Environmental Consulting, Inc. (the "Debtor"), by and through its proposed undersigned counsel, hereby moves before this Court (the "Motion") for entry of an order authorizing the Debtor's interim and final use of cash collateral pursuant to sections 105, 363(c)(2)(B) and 363(e) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "Rules of Bankruptcy Procedure"), and respectfully represents as follows:

## INTRODUCTION AND JURISDICTION

1. The Debtor has filed a petition for relief under Chapter 11 of Title 11 of the United States Code (11 U.S.C. § 101, et seq. (the "Bankruptcy Code") on or about the date of this Motion (the "Petition Date"). The Debtor continues to operate its business as a debtor-in-possession in accordance with Sections 1107(a) and 1108 of the Bankruptcy Code.

2. This Motion is among several other "first day" motions filed by the Debtor contemporaneously with the filing of the petition for relief. In the various "first day" motions, the Debtor is requesting, among other things, authority to take certain actions to ensure a smooth transition into Chapter 11 and to afford the Debtor an opportunity to reorganize with minimal disruption and harm to its business and operations. The Debtor also has filed an application requesting that the Court consider the "first day" motions at a hearing (or hearings) scheduled at the Court's earliest convenience and at a date(s) and time(s) the Court deems reasonable under the circumstances.

3. As set forth below, granting the Debtor the relief requested in the Motion is crucial to the Debtor's ability to operate its business during this Chapter 11 proceeding without interruption.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and (M).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1409 and 1409.

## BACKGROUND

6. A thorough description of Aquatek's operation is set forth in the Affidavit of Michael Fontana in Support of First Day Motions (the "Fontana Affidavit"), which is being filed contemporaneously with, and in support of, this Motion. The Fontana Affidavit includes, among

other things, and without limitation, descriptions of Aquatek's formation, corporate form, pre-petition financing, the events precipitating this Chapter 11 filing and the Debtor's objectives while in Chapter 11.  The Fontana Affidavit is incorporated herein by reference as if fully set forth herein.

7. Aquatek is a privately-held, New Jersey, women business enterprise ("WBE"), with its principal offices located at 5 Regent Street, Suite 511, Livingston, New Jersey.  Aquatek is a specialized full service comprehensive environmental consulting firm.  Services offered by AquaTek include underground tank storage and removal management, ISRA compliance, brownfields, phase I and II audits, and litigation support.  Aquatek employs seven full time individuals.

## RELIEF REQUESTED AND REASONS THEREFORE

8. By this Motion, the Debtor seeks authority to use cash collateral pursuant to sections 105, 363(c)(2)(B) and 363(e) of the Bankruptcy Code.

9. As set forth in the Fontana Affidavit, Bank of America, N.A., ("BOA") has an alleged perfected security interest in the Debtor's assets, in including its cash, cash equivalents and accounts receivable (collectively, the "Cash Collateral").

10. The Debtor should be authorized to use the Cash Collateral in the ordinary course of its business and in accordance with the budget annexed hereto as **Exhibit A** (the "Budget").  Articulated in more detail in the Fontana Affidavit, BOA is protected by the value of the Debtor's accounts receivables, and its work in progress.  Additionally, although the Debtor believes that BOA is adequately protected by the value of the Debtor's current and work-in-

progress assets, the Debtor, pursuant to the Budget[1], is proposing to make monthly interest payments of $1,000.00 to BOA as adequate protection, and in an effort to enter into a consensual arrangement regarding the use of cash collateral.

11.     It is in the best interests of the Debtor and its estate that the Debtor's operations continue. For that to occur, the Debtor must be authorized to use the Cash Collateral. A hasty liquidation of the Debtor's assets is contrary to the best interests not only of the Debtor, but also to its creditors, both secured and unsecured.

## **LEGAL AUTHORITY**

12.     Pursuant to section 363(a) of the Bankruptcy Code, cash collateral is defined as "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents . . . " and the proceeds thereof.  Pursuant to section 363(c)(2) of the Bankruptcy Code and Bankruptcy Rule 4001 (b), a debtor may not use cash collateral unless the entity that has an interest in such cash collateral consents, or until this Court authorizes the use of cash collateral after notice and a hearing, upon a finding that the interest of the secured party is adequately protected.

13.     Section 363(c)(2) of the Bankruptcy Code permits this Court to allow a debtor to use cash collateral so long as the debtor provides its secured creditors with adequate protection. "Adequate Protection" is not defined in the Bankruptcy Code, although section 361 of the Bankruptcy Code sets forth three non-exclusive methods of how an interest in property may be adequately protected.

---

[1] As set forth in the accompanying Interim Order, the Debtor requests that it be afforded use of cash collateral with a fifteen (15%) percent variance from the budget, both cumulatively and with regard to each budget line item.

14.     "Adequate Protection" is aptly described as "a balancing of the debtor's and a creditor's respective harm." *In re Carson,* 34 B.R. 502, 505 (Bankr. D. Kan. 1983) (citation omitted). The legislative history to section 361 of the Bankruptcy Code reflects Congressional intent to give the Court flexibility to fashion adequate protection in light of the facts of each case and general equitable principles. *In re 5-Leaf Cover Corp.,* 6 B.R. 463, 466 (Bankr. S.D.W.Va. 1980).

15.     The "interest" of a secured creditor which is entitled to be protected is the value of the secured creditor's allowed secured claim; that is, the amount of the secured creditor's claim up to the value of the collateral upon which the secured creditor has a lien as of the relevant valuation date. *In re Shriver,* 33 B.R. 176, 181 (Bankr. N.D. Ohio 1983); *In re South Village, Inc.,* 25 B.R. 987, 994 (BanIa. D. Utah 1982). The alleged secured creditor is only entitled to assurance that the value of its lien will not decrease as a result of the automatic stay and, if it does, that it will receive something as compensation for the decrease. *In re Ramco Well Service, Inc.,* 32 B.R. 525, 531 (Bankr. W.D. Okla. 1983). Thus, where the value of the collateral is not declining, a debtor need not do anything for the secured creditor as it is adequately protected. *Id;* accord, *In re Price,* 40 B.R. 578, 580 (Bankr. N.C. Tex. 1984).

16.     In this case, the value of the Debtor's business is not declining, and therefore, BOA is adequately protected. The Debtor will collect its outstanding accounts receivable and continue to generate new receivables. Additionally, the Debtor has a steady amount of work in progress.

17.     The Debtor hereby seeks the preliminary and final use of cash collateral to preserve its assets so as to maintain and maximize their value for the benefit of all parties-in-interest.

18.     A denial of the use of Cash Collateral to fund the Debtor's day-to-day operations will severely harm the Debtor at a critical time. Not only will it hinder its ability to reorganize, but it will also prevent the Debtor from completing its work in progress, and will cause the Debtor to forfeit over $600,000.00 in generated funds.  Essentially, without the authority to use Cash Collateral, the Debtor cannot continue to operate; that will cause a loss of going concern value, and preclude the ability to reorganize, thereby preventing creditors from realizing upon reorganization value.

19.     Through future and current revenues, the Debtor has a real ability to reorganize within a reasonable period of time and make significant distribution to all of its creditors. The Debtor is prepared to discuss with its secured and unsecured creditors the development of both a financial and operational restructuring plan. The authority to use Cash Collateral will enable the Debtor to engage in those discussions and accomplish its reorganization, while operating in the ordinary course.

## TIMING AND NOTICE

20.     The Debtor respectfully seeks a two-part hearing process. First, pursuant to Bankruptcy Rule 4001(b)(2), the Debtor seeks a preliminary hearing on the use of Cash Collateral in accordance with the Budget on less than fifteen (15) days' notice.

21.     Second, the Debtor seeks a final hearing on at least fifteen (15) days' notice. At a minimum, the Debtor proposes to give notice pursuant to Bankruptcy Rule 4001(b)(1) and (3) to the Office of the United States Trustee, all secured creditors, the twenty (20) largest unsecured creditors, any other parties claiming an interest in the cash collateral, and any other party who has requested notice.

## NO PRIOR REQUEST

22. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that this Court preliminarily and finally approve the Debtor's use of Cash Collateral, pursuant to the Budget, and in the ordinary course of business, and grant such other and further relief as this Court deems just and equitable

Dated: April 23, 2010

                    Respectfully submitted,

                    RAVIN GREENBERG LLC
                    Proposed Counsel for Aquatek Environmental
                    Consulting, Inc.
                    Debtor and Debtor-in-Possession

                    By: /s/ Chad B. Friedman
                         Chad B. Friedman