Order Filed on
06/08/2010
by Clerk U.S. Bankruptcy
Court District of New Jersey

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
|---|
| Caption in Compliance with D.N.J. LBR 9004-2(c)<br>**RAVIN GREENBERG LLC**<br>Attorneys for the Debtor/Debtor-in-Possession<br>101 Eisenhower Parkway<br>Roseland, New Jersey 07068<br>(973) 226-1500 |

| In Re: | Chapter 11 |
|---|---|
| AquaTek Environmental Consulting, Inc., | Case No.: 10-22324/NLW |
| Debtor. | Judge: Novalyn L. Winfield |

**AMENDED SECOND INTERIM ORDER AUTHORIZING
THE DEBTOR'S USE OF CASH COLLATERAL**

The relief set forth on the following pages, numbered two (2) through seven (7), is hereby

**ORDERED.**

**DATED: 06/08/2010**

_____
Honorable Novalyn L. Winfield
United States Bankruptcy Judge

(Page 2)
Debtor:                AquaTek Environmental Consulting, Inc.
Case No.               10-22324/NLW
Caption of Order:      AMENDED SECOND INTERIM ORDER AUTHORIZING THE
                       DEBTOR'S USE OF CASH COLLATERAL

---

This matter is before the Court on the motion of AquaTek Environmental Consulting, Inc. the debtor and debtor-in-possession (collectively referred to herein as the "Debtor"), by and through its counsel, Ravin Greenberg LLC, for authority to use cash collateral on an interim basis pursuant to 11 U.S.C. Section 363(c)(2)(A) and Bankruptcy Rule 4001(d).

A.    Notice and Hearing. Notice of the motion and order pursuant to D.N.J. LBR 9013-1(e) and Fed. R. Bankr. P. 9006(c) for a preliminary and interim hearing on the Debtor's use of cash collateral has been served in accordance with Section 102(1) of the Bankruptcy Code and Fed. R. Bankr. P. 4001(d), which notice is appropriate in the particular circumstances and is sufficient for all purposes under the Bankruptcy Code and the applicable Bankruptcy Rules in respect to the relief requested.

B.    Chapter 11 Filed. The Debtor filed its petition under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") on April 23, 2010 (the "Petition Date") and is currently operating as a debtor-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.

C.    Pre-Petition Debt. The Debtor's secured creditor, Bank of America, N.A. ("BOA" or "Secured Creditor") has asserted a balance due and owing of $382,792.50 (the "Pre-Petition Debt") as of the Petition Date.

D.    Pre-Petition Collateral. As of the Petition Date, BOA was the Debtor's primary secured creditor, asserting, and having made a prima facie showing of, a perfected first priority lien on substantially all of the Debtor's pre-petition assets, including but not limited to cash on hand, inventory, accounts receivable, and general tangibles together with the proceeds thereof. BOA has, and the Debtor has acknowledged and agreed that BOA has, as of the Petition Date, a valid and subsisting first lien and security interest in the Debtor's cash, inventory, equipment, and accounts

*Approved by Judge Novalyn L. Winfield June 08, 2010*

**(Page 3)**
Debtor:            AquaTek Environmental Consulting, Inc.
Case No.           10-22324/NLW
Caption of Order:  AMENDED SECOND INTERIM ORDER AUTHORIZING THE
                   DEBTOR'S USE OF CASH COLLATERAL

---

receivables (the "Collateral") securing the Pre-Petition Debt in an amount not less than $250,000.00 and that said debt is an allowed fully secured claim under sections 506(a) and 502 of the Bankruptcy Code. Said determination shall be binding upon the Debtor but shall not bind any Creditors' Committee or successor-in-interest to the Debtor, who shall have sixty (60) days after appointment to contest the scope, validity, perfection and/or amount of the Pre-Petition Claim.

    E.    <u>Cash Collateral</u>. "Cash Collateral" is defined by § 363(a) of the Bankruptcy Code, and includes post-petition proceeds, products, offspring, rents, or profits of property subject to a security interest as provided in § 522(b) and as the term "proceeds" is described in UCC Section 9-102.

    F.    <u>Necessity and Best Interest</u>. The Debtor does not have sufficient unencumbered cash or other assets with which to continue to operate its business in Chapter 11. The Debtor requires immediate authority to use Cash Collateral as defined herein in order to continue its business operations without interruption toward the objection of formulating an effective plan(s) of reorganization. The Debtor's use of Cash Collateral, to the extent and on the terms and conditions set forth herein, is necessary to avoid immediate and irreparable harm to their estates pending a final hearing. The amount of Cash Collateral authorized to be used pending a final hearing or entry of a final order is not to exceed the amounts reflected in the budget, annexed hereto as **Exhibit A**, by more than fifteen (15%) percent per item excepting tax obligations, for the time period from the Petition Date through the Final Hearing (the "Cash Collateral Budget").

    G.    <u>Purposes</u>. The Debtor is authorized to use Cash Collateral to meet the ordinary cash needs of the Debtor and for such other purposes necessary to (a) maintain and preserve its assets, and (b) continue operation of its business, including payroll and payroll taxes, and other expenses as reflected in the Cash Collateral Budget.

| | |
|---|---|
| **(Page 4)** | |
| Debtor: | AquaTek Environmental Consulting, Inc. |
| Case No.: | 10-22324/NLW |
| Caption of Order: | AMENDED SECOND INTERIM ORDER AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL |

The Court having determined there is a reasonable likelihood that the Debtor will prevail upon the merits at the final hearing on the motion as required by § 363(c)(3) of the Bankruptcy Code, and for good cause shown; it is hereby

ORDERED as follows:

1. <u>Use of Cash Collateral</u>. The Debtor is authorized, for the period through the Final Hearing, and in accordance with the Cash Collateral Budget attached hereto as **Exhibit A,** to use Cash Collateral, for the following purposes:

    a. maintenance and preservation of its assets; and

    b. the continued operation of its business, including but not limited to payroll, payroll taxes, employee expenses and other costs; and

    c. the collection of its accounts receivable.

2. <u>Adequate Protection</u>. As adequate protection for use of Cash Collateral, BOA is GRANTED:

    a. <u>Replacement Lien</u>. A replacement perfected security interest under Section 361(2) of the Bankruptcy Code to the extent BOA's respective cash collateral is used by the Debtor, to the extent and with the same priority in the Debtor's post-petition collateral, and proceeds thereof, that BOA held in the Debtors' pre-petition collateral.

    b. <u>Statutory Rights Under Section 507(b)</u>. To the extent the adequate protection provided for hereby proves insufficient to protect the Secured Creditor's interests in and to the cash collateral, the Secured Creditor shall have a superpriority administrative expense claim, pursuant to Section 507(b) of the Bankruptcy Code, senior to any and all claims against the Debtor under Section 507(a) of the Bankruptcy Code, whether in this proceeding or in any superseding proceeding.

*Approved by Judge Novalyn L. Winfield June 08, 2010*

(Page 5)
Debtor:             AquaTek Environmental Consulting, Inc.
Case No.:           10-22324/NLW
Caption of Order:   AMENDED SECOND INTERIM ORDER AUTHORIZING THE
                    DEBTOR'S USE OF CASH COLLATERAL

---

c. <u>Deemed Perfected</u>. The replacement lien and security interest granted herein is automatically deemed perfected upon entry of this Order without the necessity of the Secured Creditor taking possession, filing financing statements, mortgages or other documents. Although not required, upon request by the Secured Creditor, Debtor shall execute and deliver to the Secured Creditors any and all UCC Financing Statements, UCC Continuation Statements, Certificates of Title or other instruments or documents considered by BOA to be necessary in order to perfect the security interests and liens in the Debtor's post-petition collateral and proceeds granted by this Order, and BOA is authorized to receive, file and record the foregoing at the Secured Creditor's own expense, which actions shall not be deemed a violation of the automatic stay.

d. <u>Periodic Accountings</u>. Within fifteen (15) days of the entry of this Order, the Debtor shall provide a monthly periodic accounting to BOA setting forth the cash receipts and disbursements made by the Debtor under this Order. In addition, the Debtor shall provide BOA all other reports required by the prepetition loan documents and any other reports reasonably required by the Secured Creditor, as well as copies of the Debtor's monthly United States Trustee operating reports. Upon appointment of a Creditor's Committee, the Debtor shall submit a copy of the monthly U.S. Trustee operating reports to counsel to said Committee if counsel has been appointed, and until counsel is retained, to the Chairman of said Committee.

e. <u>Default Hearing</u>. In the event Debtor defaults or violates this Order, the Secured Creditor is entitled to request a hearing within ten (10) days (or if immediate and irreparable injury, loss or damage may occur, an emergency hearing within 48 hours).

3. <u>Creditor's Rights of Inspection and Audit</u>. Upon reasonable notice by the Secured Creditor, Debtor shall permit such creditor and any of its respective agents reasonable and free access to the Debtor's records and place of business during normal business hours to verify the

(Page 6)
Debtor: AquaTek Environmental Consulting, Inc.
Case No. 10-22324/NLW
Caption of Order: AMENDED SECOND INTERIM ORDER AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL

---

existence, condition and location of collateral in which said creditor holds a security interest and to audit Debtor's cash receipts and disbursements.

4. <u>Interlocutory Order and No Modification of Creditor's Adequate Protection</u>. This is an interlocutory order. Nothing contained herein shall be deemed or construed to (a) limit BOA to the relief granted herein: (b) bar the Secured Creditor from seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice to the Debtor and other parties-in-interest entitled to notice of same: or (c) require BOA to make any further loans or advances to the Debtor. The Order may be modified for cause shown by the Debtor, BOA, or any other party-in-interest on due notice. No such modification, however, shall deprive BOA of its respective interest in Debtor's property (pre-petition and post-petition).

### FINAL HEARING ORDER

IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN:

That any creditor or other interested party having any objection to this Interim Order shall file with the Clerk of this Court and serve upon counsel for the Debtor on or before the 31st day of August, 2010, at 4:00 p.m., a written objection and shall appear to advocate said objection at a final hearing to be held at 2:00 p.m. on the 2nd day of September, 2010, in Courtroom 3D of the United States Bankruptcy Court, Newark, New Jersey. In the event no objections are filed or advocated at such hearing, then this Order shall continue in full force and effect and shall be deemed a Final Order without further notice or hearing in accordance with Fed. R. Bankr. P. 4001(d)(3).

*Approved by Judge Novalyn L. Winfield June 08, 2010*

(Page 7)
Debtor:              AquaTek Environmental Consulting, Inc.
Case No.             10-22324/NLW
Caption of Order:    AMENDED SECOND INTERIM ORDER AUTHORIZING THE
                     DEBTOR'S USE OF CASH COLLATERAL

## NOTICE ORDER

IT IS FURTHER ORDERED that the Debtor serve a copy of this Order and Notice by first class mail within one (1) business day from the date hereof, on (i) the United States Trustee for the District of New Jersey; (ii) Internal Revenue Service; (iii) State of New Jersey, Division of Taxation; (iv) counsel to BOA; and (v) counsel to any committee appointed under Section 1102 of the Bankruptcy Code. The Debtor shall immediately file with the Clerk a certificate of service of said mailing.

P:\AquaTek\CashColl\CashCollateral 2.ORD final.wpd

*Approved by Judge Novalyn L. Winfield June 08, 2010*

6/2/2010 — MYOB / Excel — 3:22 PM

## AQUATEK ENVIRONMENTAL CONSULTING, INC.
### 5 Regent Street, Suite 507
### Livingston, New Jersey 07039

# Projected Cash Flow
### June 2010 through August 2010

| | June | July | August | Total |
|---|---:|---:|---:|---:|
| **SALES** | | | | |
| CONSULTING INCOME | 60,000 | 60,000 | 60,000 | 60,000 |
| SUBCONTRACTOR INCOME | 75,000 | 75,000 | 75,000 | 225,000 |
| Total Income | 135,000 | 135,000 | 135,000 | 285,000 |
| | | | | |
| **COST OF SALES** | | | | |
| PURCHASES | 64,200 | 64,200 | 64,200 | 64,200 |
| DIRECT LABOR | 26,600 | 26,600 | 26,600 | 26,600 |
| Total Cost Of Sales | 90,800 | 90,800 | 90,800 | 272,400 |
| | | | | |
| Gross Profit | 44,200 | 44,200 | 44,200 | 132,600 |
| | | | | |
| **EXPENSES** | | | | |
| **OPERATING EXPENSES** | | | | |
| RENT | 4,700 | 4,700 | 4,700 | 14,100 |
| UTILITIES | 600 | 600 | 600 | 1,800 |
| SUPPLIES | 1,450 | 1,450 | 1,450 | 4,350 |
| INSURANCE | 4,100 | 4,100 | 4,100 | 12,300 |
| REPAIRS AND MAINTENANCE | 1,750 | 1,750 | 1,750 | 5,250 |
| AUTO EXPENSE | 850 | 850 | 850 | 2,550 |
| **GENERAL & ADMIN EXPENSES** | | | | |
| OFFICER SALARIES | 12,500 | 12,500 | 12,500 | 37,500 |
| BANK CHARGES | 200 | 200 | 200 | 600 |
| DATA PROCESSING | 600 | 600 | 600 | 1,800 |
| DUES & SUBSCRIPTIONS | 750 | 750 | 750 | 2,250 |
| EQUIPMENT RENTAL | 800 | 800 | 800 | 2,400 |
| OFFICE | 650 | 650 | 650 | 1,950 |
| PAYROLL TAXES | 3,910 | 3,910 | 3,910 | 11,730 |
| POSTAGE & SHIPPING | 380 | 380 | 380 | 1,140 |
| PROFESSIONAL FEES | 5,000 | 5,000 | 5,000 | 15,000 |
| SEMINARS AND TRAINING | 400 | 400 | 400 | 1,200 |
| STATIONERY & PRINTING | 150 | 150 | 150 | 450 |
| TELEPHONES | 425 | 425 | 425 | 1,275 |
| TRAVEL | 750 | 750 | 750 | 2,250 |
| ENTERTAINMENT | 250 | 250 | 250 | 750 |
| Total Expenses | 40,215 | 40,215 | 40,215 | 120,645 |
| | | | | |
| Operating Profit / Cash Flow from Operations | 3,985 | 3,985 | 3,985 | 11,955 |
| | | | | |
| **OTHER CASH FLOW ITEMS** | | | | |
| BOA PAYMENT | (1,500) | (1,500) | (1,500) | (4,500) |

*Approved by Judge Novalyn L. Winfield June 08, 2010*

| 6/2/2010 | MYOB / Excel | | | | 3:22 PM |
|---|---|---|---|---|---|
| Total Other Cash Flow Items | | (1,500) | (1,500) | (1,500) | (4,500) |
| Surplus / (Deficit) Cash Flow | | 2,485 | 2,485 | 2,485 | 7,455 |

*Approved by Judge Novalyn L. Winfield June 08, 2010*